**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

NUNO CASANOVA    :
           :
   Plaintiff,    :
           :
v.          :  Case No.  1:05CV00496
           :  Judge:  Ellen Segal Huvelle
MARATHON    :
CORPORATION, *et al.*  :
           :
   Defendants.  :

**DEFENDANT MARATHON CORPORATION'S CROSS-CLAIM**
**AGAINST CO-DEFENDANT CAPITAL PAVING OF D.C., INC.**

Defendant Marathon Corporation ("Marathon"), by and through its attorneys, pursuant to Rule 13(g) of the Federal Rules of Civil Procedure, files this Cross-Claim against co-defendant Capital Paving of D.C., Inc. ("Capital") and as grounds therefore states as follows:

  1.  On or about March 29, 2005, plaintiff Nuno Casanova ("Casanova") served a Complaint against defendants Marathon, Capital, and Chesapeake Electrical System, Inc. ("Chesapeake").

  2.  In his Complaint, the plaintiff alleged that the defendants breached their duty of care to the plaintiff by allegedly failing to properly install, monitor, inspect, maintain, and repair a temporary electrical power line located on the construction site at issue in this litigation.  As a result, plaintiff has sued the defendants for negligence due to the alleged injuries the plaintiff sustained when he came in contact with the aforementioned temporary electrical power line.

  3.  Marathon was the general contractor for the construction project at issue in this litigation.

4.      Capital was a subcontractor of FMC Construction ("FMC"), which employed the plaintiff.  Capital was responsible for delivering materials to the construction site where the plaintiff allegedly sustained his injuries.  At or near the time of the alleged accident, one or more of Capital's vehicles negligently struck the temporary electrical power poles and lines that the plaintiff claims caused his injuries.

## COUNT 1:  NEGLIGENCE

5.      Marathon incorporates by reference paragraphs one (1) through four (4) as if set forth in full herein.

6.      Capital had a duty to ensure that its vehicles did not negligently strike, damage, and weaken the temporary electrical power poles and lines at issue in this litigation.

7.      Capital breached the aforesaid duty by failing to properly and safely operate its vehicles, thereby creating a danger to anyone working on the construction site.

8.      As a proximate cause of Capital's negligence, Marathon has sustained damages in being required to defend the instant lawsuit.

WHEREFORE, Marathon demands judgment against co-defendant Capital for money damages incurred as a result of being brought into this litigation including interest, costs, and reasonable attorney's fees.

## COUNT II:  INDEMNIFICATION (IMPLIED IN LAW)

9.      Marathon incorporates by reference paragraphs one (1) through eight (8) as if set forth in full herein.

10.     Plaintiff has instituted the underlying action against the defendants as set forth above.

11.     If the plaintiff has sustained any injuries as alleged in his Complaint, his injuries were not caused or contributed to by any negligent act, error, and/or omission by Marathon, but by the primary and active negligent acts, errors, and/or omissions of Capital, which caused, promoted, or contributed to bring about the injuries alleged in the plaintiff's Complaint.  But for said acts, errors, and/or omissions of Capital, plaintiff's alleged injuries, if any, would not have occurred or have been sustained.

12.     In the event that a judgment in this case is entered against Marathon, its conduct was passive, secondary, and indirect as compared to the active, primary and direct negligent misconduct of Capital.

WHEREFORE, Marathon demands judgment against co-defendant Capital in the amount of plaintiff's alleged losses, if any, plus money damages incurred as a result of being brought into this litigation including interest, costs, and reasonable attorney's fees.

## COUNT III:  CONTRIBUTION

13.     Marathon incorporates by reference paragraphs one (1) through twelve (12) as if set forth in full herein.

14.     Pleading alternatively, in the event that a judgment in this case is entered against Marathon, its conduct, at most, merely contributed to any losses incurred by plaintiffs.

WHEREFORE, Marathon demands contribution from co-defendant Capital

for a pro-rata share of any damages assessed against it, plus interest, costs, and

reasonable attorney's fees.


MARATHON CORPORATION


_____/s/_____

Joseph F. Cunningham, #65532
CUNNINGHAM & ASSOCIATES, PLC
1600 Wilson Blvd., Suite 905
Arlington, Virginia 22209
(703)294-6500


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of May, 2005 a true copy of the

foregoing Cross-Claim was sent via first-class mail, postage prepaid, to:

Charles Krikawa, Esq.
CHARLES C. PARSONS & ASSOCIATES, CHTD.
128 C Street, N.W.
Washington, D.C. 20001

C.T. Corporation Systems, Inc.
Registered Agent for Capital Paving of D.C., Inc.
1015 15th St., N.W., #1000
Washington, DC 20005

Jeffrey R. DeCaro
DeCARO, DORAN, SICILIANO, GALLAGHER & DeBLASIS, LLP
4601 Forbes Boulevard
Suite 200
Lanham, MD 20850


_____/s/_____

Joseph F. Cunningham