**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**NUNO CASANOVA,**

   **Plaintiff,**

        **v.**                              **CA No. 05-496 (JMF)**

**MARATHON CORPORATION** *et al.***,**

   **Defendants.**

**MEMORANDUM OPINION**

This case was referred to me for all purposes including trial. Currently pending and ready for resolution are the following motions: 1) <u>Cross-Plaintiff Marathon Corporation's Motion to Strike Cross-Defendant Chesapeake Electrical Systems, Inc.'s Answer to Marathon's Cross Claim</u> ("Marathon's Mot."), 2) <u>Motion of Chesapeake Electrical Systems, Inc. for Leave to File Answers to the Cross-Claims of Marathon Corporation and L&S Construction</u> ("Chesapeake's Opp."), and 3) <u>Cross-Plaintiff L&S Construction's Motion to Strike Cross-Defendant Chesapeake Electrical Systems, Inc.'s Answer to L&S Construction's Cross-Claim Cross-Plaintiff and L&S Construction's Opposition to Cross-Defendant Chesapeake Electrical Systems, Inc.'s Motion for Leave</u>. For the reasons stated below, the motions to strike will be granted and the motion for leave to file will be denied.

**BACKGROUND**[1]

On March 10, 2005, plaintiff, Nuno Casanova ("plaintiff" or "Casanova") filed a Complaint against, inter alia, Marathon Corporation ("Marathon") and Chesapeake Electrical Systems, Inc. ("Chesapeake"). Docket Entry [#1].

---

[1] Only those background facts relevant to the three pending motions are provided in this opinion.

On April 12, 2005, Chesapeake filed its Answer to the Complaint. Docket Entry [#8].

On April 29, 2005, Marathon filed its Answer to the Complaint and Cross-Claim against Chesapeake. Docket Entry [#10].

On May 9, 2005, Marathon sued FMC Civil Construction, LLC ("FMC"). Docket Entry [#12].  FMC, in turn, sued L&S Construction ("L&S") on June 8, 2005. Docket Entry [#23]. L&S then filed a Cross-Claim against Marathon and Chesapeake on September 8, 2005. Docket Entry [#36].

On June 15, 2007, over two years after Marathon filed its April 29, 2005 Cross-Claim against Chesapeake and just under one year and nine months after L&S filed its Cross-Claim against Chesapeake on September 8, 2005, Chesapeake filed its Answers to both Cross-Claims. Docket Entries [## 120, 121].  On June 7, 2007, Marathon moved to strike those answers. Docket Entry [#122].  Only then, on June 15, 2007, did Chesapeake move for leave to file the Answers it had already filed. Docket Entry [#123].

## DISCUSSION

The Clerk of the Court should not have accepted the Answers because they were not accompanied by a motion for leave to file them. Fed. R. Civ. P. 6(b); <u>Smith v. District of Columbia</u>, 430 F.3d 450, 456-57 (D.C. Cir. 2005).  Moreover, even if I were to deem the motion for leave to file a belated attempt to comply with Rule 6(b), there is absolutely no showing why I should deem Chesapeake's previous counsel's failure to answer the complaints "excusable neglect."  Under Rule 6(b)(2), Chesapeake's present counsel's mere characterization of prior counsel's failure as an oversight is insufficient.  As Wright & Miller have explained:

> A request for an extension under Rule 6(b)(2) should be made upon formal application for an order in compliance with the provisions of Rule 7(b)(1) relating to motions. Because Rule 7(b)(1) requires that the application state

2

> with particularity the grounds therefor, the movant must allege the facts constituting excusable neglect and the mere assertion of excusable neglect unsupported by facts has been held to be insufficient.

4B Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1165 (3d ed. 2002).  <u>See</u> <u>also</u> <u>Beaufort Concrete Co. v. Atlantic States Constr. Co.</u>, 352 F.2d 460, 463 (5th Cir 1965), <u>cert.</u> <u>denied</u>, 384 U.S. 1004 (1966) (holding that plaintiff's counsel's failure to offer an explanation for not filing timely affidavits in support of its motion for summary judgment was not "excusable neglect" under Rule 6(b)).  Therefore, Marathon's and L&S's motions to strike will be granted and Chesapeake's motion to late file its Answers will be denied.

An Order accompanies this Memorandum Opinion.

\_\_/s/_____
**JUDGE JOHN M. FACCIOLA**
**Dated:  08/15/2007**          **UNITED STATES MAGISTRATE JUDGE**