UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NUNO CASANOVA,

   Plaintiff,

   v.                                              CA No. 05-496 (JMF)

MARATHON CORPORATION *et al.*,

   Defendants.

MEMORANDUM OPINION

This case was referred for all purposes including trial.  Currently pending and ready for resolution is the Motion of Chesapeake Electrical Systems, Inc. for Reconsideration of Its Motion for Leave to File Answers to the Cross-Claims of Marathon Corporation and L&S Construction ("Mot. for Recon.").  For the reasons stated below, the motion will be denied.

BACKGROUND[1]

On March 10, 2005, plaintiff, Nuno Casanova ("Casanova") filed a complaint against, inter alia, Marathon Corporation ("Marathon") and Chesapeake Electrical Systems, Inc. ("Chesapeake"). Docket Entry [# 1].  On April 12, 2005, Chesapeake filed its answer to the complaint. Docket Entry [# 8].  On April 29, 2005, Marathon filed its answer to the complaint and cross-claim against Chesapeake. Docket Entry [# 10].

On May 9, 2005, Marathon sued FMC Civil Construction, LLC ("FMC"). Docket Entry [# 12].  FMC, in turn, sued L&S Construction ("L&S") on June 8, 2005. Docket Entry [# 23].  L&S then filed a cross-claim against Marathon and Chesapeake on

---

[1] Only those background facts relevant to the three pending motions are provided in this opinion.

September 8, 2005. Docket Entry [# 36]. On May 29, 2007, over two years after Marathon filed its April 29, 2005, cross-claim against Chesapeake and just under one year and nine months after L&S filed its September 8, 2005, cross-claim against Chesapeake, Chesapeake filed its answers to both cross-claims. Docket Entries [## 120, 121]. On June 7, 2007, Marathon moved to strike those answers. Docket Entry [# 122]. On July 6, 2007, L&S followed suit and also moved to strike Chesapeake's answers. Docket Entry [# 125]. Only then, on June 15, 2007, did Chesapeake move for leave to file the Answers it had already filed. Docket Entry [# 123].

On August 15, 2007, the Court issued a Memorandum Opinion ("8/15/07 Mem. Op.") and Order denying Chesapeake's motion for leave to file. Docket Entries [## 127, 128]. On August 17, 2007, Chesapeake filed its motion for reconsideration, the motion currently at issue. Docket Entry [# 129].

## DISCUSSION

### I.  The Appropriate Standard

In its motion for reconsideration, Chesapeake argues that the reason it failed to file timely answers to Marathon's and L&S's cross-claims qualifies as "excusable neglect." Mot. for Recon. at 1. Chesapeake fails, however, to identify any rule in support of its motion. The reference to "excusable neglect" in the text of its motion coupled with the reference to Rule 6(b) in its list of "Grounds and Authorities" suggests that Chesapeake seeks de novo review, under Rule 6(b), of its proffered explanation. The appropriate standard of review, however, is not that of Rule 6(b). Chesapeake's motion is one for reconsideration and as such must be made under either Rule 54 or 60. But, there is no Rule 60 motion before the court. Rule 60 motions seek reconsideration of

2

final judgments or orders, not interlocutory ones such as the one at issue in this case. Fed. R. Civ. Pro. 60(b) ("On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:  mistake, inadvertence, surprise, or excusable neglect"). See Lemmons v. Georgetown Univ. Hosp., 241 F.R.D. 15, 21-24 (D.D.C. 2007) (comparing standards of review under Rules 54 or 60).

Thus, Chesapeake's arguments—that nobody was aware the answers hadn't been filed; that no objection to the answers was anticipated; that there were significant amounts of paperwork in the case; that neither cross-claimant notified Chesapeake of its failure to file answers—are, to the extent that they are offered in support of a 60(b) motion, irrelevant.  The only possible context within which these arguments are relevant is that of the Court's general authority to exercise its discretion in determining whether to grant a Rule 54 motion for reconsideration.

## II. **Standard of Review for a Rule 54 Motion**

The Court's August 15, 2007, Order "adjudicate[d] fewer than all the claims or the rights and responsibilities of fewer than all the parties," was interlocutory in nature and was therefore subject to reconsideration under Rule 54(b) of the Federal Rules of Civil Procedure.[2]  Under Rule 54(b), a district court may revise its own interlocutory decisions "at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed. R. Civ. P. 54(b).

When presented with a motion for reconsideration, the court must consider the entire record before it at that time, not only the record as it existed at the time of the

---

[2] In its motion for reconsideration, although Chesapeake lists Rules 12(a)(2), 15(a), 7(b), and 6(b) as "Grounds and Authorities" for its motions, none of these rules speak to motions for reconsideration.

3

initial ruling. United Mine Workers v. Pittson Co., 793 F.Supp. 339, 345 (D.D.C. 1992). Furthermore, such "[r]econsiderations . . . are within the discretion of the trial court and are therefore subject to the complete power of the court rendering them to afford such relief from them *as justice requires*." Keystone Tobacco Co., Inc. v. U.S. Tobacco Co., 217 F.R.D. 235, 237 (D.D.C. 2003) (internal citations omitted and emphasis added).

In this Circuit, "'[a]s justice requires' indicates concrete considerations of whether the court 'has patently misunderstood a party, has made a decision outside the adversarial issues presented to the [c]ourt by the parties, has made an error not of reasoning, but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the court.'" Judicial Watch v. Dep't of the Army, 466 F. Supp. 2d 112, 123 (D.D.C. 2006) (citing Cobell v. Norton, 224 F.R.D. 266, 272 (D.D.C. 2004) (internal citations omitted)).  Although "[t]hese considerations leave a great deal of room for the court's discretion and, accordingly, the 'as justice requires' standard amounts to determining 'whether reconsideration is necessary under the relevant circumstances,'" Judicial Watch, 466 F. Supp. 2d at 123, this discretion is not without limits.  "[T]he court's discretion under 54(b) is limited by the law of the case doctrine and 'subject to the caveat that, where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" Id. (citing Singh v. George Washington Univ., 383 F. Supp. 2d 99, 101 (D.D.C. 2005)).  Stated differently, this Circuit has indicated that motions for reconsideration are not to be dealt with in a cursory manner: "Due to considerations of finality, predictability and not wasting judicial resources, 'as a rule [a] court[ ] should be loathe to [revisit its own prior decisions] in the absence of

extraordinary circumstances such as where the initial decision was clearly erroneous, and would work a manifest injustice." Scott v. D.C., No. 05-CV-1853, 2007 WL 3146838, at *2 (D.D.C. Oct. 30, 2007) (quoting Christianson v. Colt. Indus. Operating Corp., 486 U.S. 800, 817 (1988)).

**III.     Analysis**

On August 15, 2007, the Court granted Marathon's and L&S's motions to strike Chesapeake's answers on the grounds that Chesapeake violated Rule 6(b) of the Federal Rules of Civil Procedure by failing to accompany the late-filed answers with a motion for leave to file them. 8/15/07 Mem. Op. at 2.  In so doing, the Court indicated that the basis for its ruling was Chesapeake's failure to make any showing that Chesapeake's prior counsel's failure to answer the complaints in a timely fashion was "excusable neglect." Id.  At the time, the only argument Chesapeake made was that counsel's failure to file was an "oversight." Id.  In its motion for reconsideration, Chesapeake now provides what it believes is a more detailed explanation of the events surrounding counsel's failure to file, events that it argues qualify as "excusable neglect."

According to Chesapeake, the answers were not filed in a timely fashion because, at the time the answers were due, the law firm representing Chesapeake was going through an internal reorganization, the result of which was that the Chesapeake case was transferred from attorney Jeffrey R. DeCaro to attorney Warren D. Stephens. Mot. for Recon., DeCaro Affidavit at 1.  According to DeCaro, the firm had every intention of filing timely answers on Chesapeake's behalf and had no intention of conceding the claims made in Marathon's and L&S's cross-claims. Id. at 2.  The firm's failure to file

timely answers on behalf of its client was, in DeCaro's words, nothing more than an "oversight." Id.

But, there is no claim on Chesapeake's part that the Court misunderstood any representation Chesapeake made when the Court struck its answer. Instead, Chesapeake's arguing that the Court lacked the relevant information at the time it made its initial decision. By virtue of Marathon's and L&S's motions to strike Chesapeake's untimely answers, the Court was asked to determine whether or not Chesapeake's proffered reason for failing to file a timely pleading constituted "excusable neglect" under Rule 6(b) of the Federal Rules of Civil Procedure. Regrettably for Chesapeake, it failed to provide the Court with any facts in support of its argument. Thus, while the Court resolved the issue before it, it did so not based on all of the facts, but rather based solely on the facts before it. A court should not, under the guise of "reconsidering" a decision, permit a party to offer information that was readily available to that party when the court first ruled.

Second, there is no charge by Chesapeake that the Court made an error not of reasoning, but of apprehension. "Errors of apprehension may include a Court's failure to consider "controlling decisions or data that might reasonably be expected to alter the conclusion reached by the court.'" Singh, 383 F. Supp. 2d at 101 (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)). In fact, Chesapeake does not allege that any errors were made by the Court whatsoever. The Court was not given any explanation for Chesapeake's failure to file timely answers and therefore, stated in the simplest terms, there was nothing for the Court to misapprehend.

Finally, Chesapeake does not contend that there has been any controlling or significant change in the law or facts since the Court first considered and resolved the issue. The only difference between the Court's reconsideration of Chesapeake's position and the Court's initial consideration of Chesapeake's position is that, this time around, Chesapeake has provided the Court with an explanation for its behavior whereas in the first instance it did not—even though it could have.

**IV.     Consequences of the Court's Ruling**

Although Chesapeake does not frame its argument in terms of the "as justices requires" language relied upon by this Circuit when contemplating motions for reconsideration, Chesapeake does contend that "[i]f the Court stands by its [previous] ruling . . . a very *significant injustice* will result." Mot. for Recon. at 2 (emphasis added). Chesapeake is right to anticipate that the result of today's ruling will be that Chesapeake will be deemed to have conceded the allegations made in Marathon's and L&S's cross-claims. But, this result is well within the Court's discretion when the only reason given for Chesapeake's failure to file timely answers was because of its attorney's failure to keep track of the deadline for filing those answers because a lawyer's failure to keep track of a deadline for the filing of a pleading is not excusable neglect justifying an untimely filing under Rule 6(b). D.A. v. D.C., No. 07-1084, slip op. at 3-11 (D.D.C. Dec. 6, 2007).[3] Since there never has been a showing of "excusable neglect" for failure to file the answers, the court has unquestioned authority to strike the untimely filing and to deem the allegations in the cross-claims conceded pursuant to Local Civil Rule 7(b). Id., slip op. at 12-13; Ramseur v. Barreto, 216 F.R.D. 180, 183 (D.D.C. 2003) ("The [court], having found that Defendant's motion for enlargement of time in which to file an

---

[3] A copy of this recent decision is hyperlinked hereto.

7

opposition to [Plaintiff's] petition was not supported by the requisite showing of excusable neglect, will also exercise the Court's discretion to treat Plaintiff's petition as conceded."); Stephenson v. Cox, 223 F. Supp. 2d 119, 121 (D.D.C. 2002) ("A district court may exercise its discretion and decide not to consider a late filed response that falls short of the requirements of Rule 6(b) . . . As a result, the court rejects the plaintiff's response, treats the defendants' motion to dismiss as conceded, and dismisses the case."). See also Twelve John Does v. District of Columbia, 117 F.3d 571, 577 (D.C. Cir. 1997) ("Where the district court relies on the absence of a response as a basis for treating the motion as conceded, we honor its enforcement of the rule.").

Finally, even though Chesapeake will now be deemed to have conceded the claims made by Marathon and L&S, the significant injustice anticipated by Chesapeake is by no means certain. Marathon's and L&S's claims for indemnification only become an issue if Marathon and L&S are found liable for plaintiff's injuries. That Chesapeake *may* be found liable in indemnity does not, in and of itself, rise to a level of harm that mandates this Court's reversal of its previous decision in order to satisfy the requirements of justice.

An Order accompanies this Memorandum Opinion.


                                         /S/
                                **JUDGE JOHN M. FACCIOLA**
**December 10, 2007**                    **UNITED STATES MAGISTRATE JUDGE**