UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**NUNO CASANOVA,**

    **Plaintiff,**

    v.                                                                  **CA No. 05-496 (JMF)**

**MARATHON CORPORATION** *et al.***,**

    **Defendants.**

### MEMORANDUM OPINION

This case is before me for all purposes including trial. Currently pending and ready for resolution is the issue of Marathon's liability for plaintiff's injuries. For the reasons stated below, plaintiff's claims against Marathon will be dismissed with prejudice insofar as they are or could be premised on any theory of vicarious liability. I also find, however, that whether liability can be imposed upon Marathon as an employer under the Industrial Safety Act, D.C. Code § 32-808(a),[1] raises a genuine issue of material fact that can only be resolved by a trial.

### INTRODUCTION

On August 11, 2008, I granted Capitol Paving's motion for summary judgment against plaintiff. I also ordered plaintiff to show cause why his claim against Marathon should not be dismissed because there is no genuine issue of material fact as to Marathon's liability and that Marathon is entitled to judgment as a matter of law.

### DISCUSSION

I.     <u>Plaintiff's Theory of the Case Vis À Vis Marathon</u>

In the Complaint, plaintiff asserted a claim of negligence against Marathon. Specifically, plaintiff claimed that Marathon, as the general contractor of the construction project, "owed a

---

[1] The reference to the D.C. Code is to the electronic version that appears in Westlaw or Lexis.

duty to maintain a safe worksite to all workers, such as the Plaintiff, who were present on the work-site." Complaint ("Cmpl.") ¶ 2.  According to plaintiff, Marathon breached its duty when it "negligently failed to inspect, oversee, report, monitor and maintain a safe work site for all workers on site such as the Plaintiff." Cmpl. ¶ 7.  According to plaintiff, "[t]he law in the District of Columbia is clear that a general contractor has both a common-law and a more expansive statutory duty to provide 'reasonably safe working conditions' to all wage earners on site such as the plaintiff (D.C. Code Section 32-808 (2001 Edition) Martin v. George Hyman Construction Company, 395 A.2d 63 (D.C. 1978)." Plaintiff's Response to the Show Cause Order Issued on August 11, 2008 ("Plains. Resp.") at 3.  Specifically, plaintiff claims that Marathon, through Colin Marshall, its project manager, failed to maintain a safe worksite with respect to the area where the power lines fell on May 7, 2002. Id. at 4-9.

II.     Analysis

     A.     Marathon's Common Law Obligation and Vicarious Liability

In the District of Columbia, "[t]he well-established general rule . . . is that when a person hires another to do certain work, reserving no control over either the work or the workmen, a relationship of contractee and contractor exists (as opposed to master and servant), and the contractee is not liable to a third party resulting from the work of the independent contractor." Levy v. Currier, 587 A.2d 205, 209 (D.C. 1991).  Accord W.M. Schlosser Co., v. Md. Drywall Co., Inc., 673 A.2d 647, 651 (D.C. 1996); Wash. Metro. Area Transit Auth. v. L'Enfant Plaza Props., Inc., 448 A.2d 864, 868 (D.C. 1982).  "This general rule encompasses the view that those using independent contractors should not be held responsible for activities they do not control and often lack the knowledge and resources to direct." W.M. Schlosser, 673 A.2d at 651 (citing Restatement (Second) of Torts § 409 cmt. b (1985)).

This rule does not yield to the exception, discussed in the Restatement of Torts (Second) § 427, because of a claim of an employee of an independent contractor, like Casanova, that he was engaged in inherently dangerous activity. To the contrary, in <u>Velasquez v. Essex Condominium Ass'n</u>, 759 A. 2d 676 (D.C. 2000), Velasquez, who worked for a company that had been hired by Essex Condominium Association to do certain work, attempted to impose vicarious liability, respondeat superior, upon the Association when he was hurt renovating the façade of the Essex Condominiums. The D.C. Court of Appeals rejected Velasquez's attempt to hold Essex Condominium liable upon a theory of respondeat superior because he was performing an inherently dangerous activity. The court of appeals stated:

> Velásquez also argues that although the general rule is that a contractee is not liable for the negligent acts of its independent contractor, *see, e.g. Washington Metro. Area Transit Auth. v. L'Enfant Plaza Properties,* 448 A.2d 864 (D.C.1982), Essex and Zalco have a non-delegable duty to him because his work on the scaffold is an inherently dangerous activity. *See* Restatement (Second) of Torts § 427. Velásquez's***682** claim is foreclosed by this court's holding in *Traudt,* 692 A.2d 1326, 1337-38, that "employers of independent contractors are not vicariously liable to the employees of the independent contractor under sections 416 and 427 of the Restatement." At oral argument appellant's counsel contended that this holding is in conflict with the decisions in *Lindler v. District of Columbia,* 164 U.S.App.D.C. 35, 502 F.2d 495 (1974), which is not binding precedent, and *Fry v. Diamond Constr. Inc.,* 659 A.2d 241 (D.C.1995), which the *Traudt* majority distinguishes. *See Traudt,* 692 A.2d at 1336. *But see id.* at 1339-40 (Ferren, J., dissenting). We are thus bound to follow the *Traudt* majority and dismiss Velásquez's claim. *See M.A.P. v. Ryan,* 285 A.2d 310, 312 (D.C.1971) ("[W]e have adopted the rule that no division of this court will overrule a prior decision of this court ... such result can only be accomplished by this court en banc.").[FN3]

<u>Id.</u> at 681-82.

Therefore, Casanova may not hold Marathon vicariously liable for the injuries he suffered when employed by the independent contractor Marathon had retained.

B.	Marathon's Statutory Obligation

Under the Industrial Safety Act, "[e]very employer shall furnish a place of employment which shall be reasonably safe for employees, shall furnish and use safety devices and safeguards, and shall adopt and use practices, means, methods, operations, and processes which are reasonably safe and adequate to render such employment and place of employment reasonably safe." D.C. Code § 32-808(a).  The Act defines an "employer" as "every person, firm, corporation, partnership, stock association, agent, manager, representative, or foreman, or other persons having control or custody of any place of employment or of any employee." Id. at § 32-802(1). "Thus, the Act creates a statutory duty when an entity has control *or* custody over 'the place of employment' or over 'any employee.'" Velasquez, 759 A.2d at 679-80 (2000) (emphasis in original).  "'This statutory duty of care is broader than its common law counterpart because it is incumbent not only upon employers as defined at common law,' but also employers defined by the statute." Id. at 680 (quoting Martin, 395 A.2d at 70).

Furthermore, the Act "is not a strict liability statute; rather, the statute imposes a 'statutory duty of care.'" Id. at 681 (quoting Martin, 395 A.2d at 70).  "Once a duty is established under the Act, i.e., that an entity is a covered employer, and that the injured party comes within the protection of the statute . . . it is still necessary to determine the scope of the duty of due care under the statute and the reasonableness of defendant's actions." Id. at 681. "Where status as an 'employee' under the Act is grounded on ownership of and ability to exercise control or custody over the workplace, an employer's responsibility under the Act for particular injury is commensurate with the nature and extent of the control it exercises in fact over the workplace." Id.

The first question, therefore, is whether Marathon is an "employer" under the statute. In Traudt v. Potomac Electric Power Co., 692 A.2d 1326 (D.C. 1997), the court concluded that defendant Potomac Electric Power Company ("PEPCO") was an employer under the statute based on PEPCO's control over the jobsite. Id. at 1331. Specifically, the court explained that "PEPCO's ownership of the manhole system and the electric cables, together with the authority it reserved in the contract to monitor [plaintiff's employer's] work and perform other work simultaneously at the job site, established its control of the 'place of employment' sufficient to make it [plaintiff's] employer for purposes of [the Industrial Safety Act]." Id.

In Velasquez, plaintiff also sued, *inter alia*, Essex, the owner of the building he was working on when he suffered his injuries. Velasquez, 759 A.2d at 678. On appeal, the court held that "Essex's ownership of the building where the work was performed and the authority it reserved in the contract to monitor EV-Air-Tight's work, to promulgate rules and regulations to which EV-Air-Tight [Velasquez's actual employer] and its employees were bound, and to inspect EV-Air-Tight's equipment, make Essex Velasquez's employer for purposes of the Act." Id. at 681.

Unlike PEPCO and Essex, however, Marathon did not own either the jobsite or the structures or fixtures at issue. As there are not yet any dispositive cases from the District of Columbia, the question becomes one of first impression: may an independent contractor be deemed an "employer" of the employee of a subcontractor? The question is significant. If the answer is yes, then the common law principle, discussed above, that would prevent liability from being imposed vicariously for injuries suffered by a person who works for a subcontractor will have been abolished by the statute.

Confronted with a case of first impression, the federal courts are to "endeavor to discover the law of the state on the point at issue by considering related decisions, decisions of other jurisdictions, analogies and any reliable data tending to convincingly show what the state rule is." 1 JAMES WM. MOORE, ALLAN D. VESTAL & PHILIP B. KURLAND, MOORE'S MANUAL: FEDERAL PRACTICE AND PROCEDURE § 3.05 (1998). In my view, a closely related decision that indicates how the D.C. Court of Appeals would resolve the question presented is Martin v. George Hyman Construction Co., 395 A.2d 63 (D.C. 1978). In that case, the court held that "contributory negligence of a wage earner does not bar recovery based upon an employer's breach of the statutory duty [imposed by the Industrial Safety Act] to provide reasonably safe working conditions for wage earners." Id. at 71. In the same case, the court held that a wage earner's claim under the Industrial Safety Act would be barred by principles of assumption of risk that were much more stringent and much more in the wage earner's favor than would be the traditional common law rule. Id. at 74. Both decisions were animated by the court's perception that Congress clearly intended to create a new responsibility for employers to avoid the appalling numbers of work-related accidents. Id. at 70-71.

I believe that the same principle would lead the court of appeals to conclude that it cannot be said, as a matter of law, that an independent contractor can never be an employer under the Industrial Safety Act. To the contrary, I am certain that it would instead conclude that whether a party, independent contractor or not, is an employer is a question of fact to be confronted in each case. I therefore conclude that Casanova may proceed upon the theory that Marathon was an employer under the Industrial Safety Act.

I also conclude that, assuming the jury resolves that question in Casanova's favor, whether Marathon breached any duty it had under the statute is also a question of fact: is the

duty Marathon is claimed to have violated commensurate with the "nature and extent of the control" Marathon exercised over the workplace and, in particular, over repairs to the overhead wires that had fallen down.

## CONCLUSION

The Order to Show Cause is discharged and Casanova may proceed to trial against Marathon solely upon the claim premised on the Industrial Safety Act.

Dated: September 24, 2008                                /S/
                                                JOHN M. FACCIOLA
                                                UNITED STATES MAGISTRATE JUDGE