UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**NUNO CASANOVA,**

    **Plaintiff,**

    **v.**                                                                                         **CA No. 05-496 (JMF)**

**MARATHON CORPORATION** *et al.***,**

    **Defendants.**

**MEMORANDUM OPINION**

I have now resolved several motions for summary judgment[1] and have also concluded that plaintiff's claims against Marathon must be dismissed with prejudice insofar as they are or could be premised on any theory of vicarious liability. I also have held however, that whether liability can be imposed upon Marathon as an employer under the Industrial Safety Act, D.C. Code § 32-808(a),[2] raises a genuine of material fact that can only be resolved by a trial. See Casanova v. Marathon Corp., No. 05-496 (D.D.C. Sept. 24, 2008) (memorandum opinion discharging order to show cause).

There remain, on the docket, at least three motions that are unresolved and to them I now turn seriatim insofar as they seek dismissal of plaintiff's claims against the movant. As will become clear, I will defer action on the motions and permit their renewal insofar as they seek relief against a party other than the plaintiff, with one exception.

1.    Motions for Summary Judgment by Aggregate & Dirt Solutions [#137] and Ft. Meyer Construction Corporation [#140]

---

[1] See Casanova v. Marathon Corp., --- F. Supp. 2d ---, No. 05-CIV-496, 2008 WL 3271980 (D.D.C. Aug. 11, 2008); Casanova v. Marathon Corp., 246 F.R.D. 376 (D.D.C. 2007); Casanova v. Marathon Corp., 499 F. Supp. 2d 32 (D.D.C. 2007); Casanova v. Marathon Corp., 477 F. Supp. 2d 98 (D.D.C. 2007).
[2] The reference to the D.C. Code is to the electronic version that appears in Westlaw or Lexis.

The facts of the case are set forth in my earlier opinion. For present purposes, the most important are that on May 7, 2002, sometime between 7:00 and 8:00 a.m., a dump truck transporting ADS's aggregate arrived at the construction site where plaintiff worked. Colin Marshall, who works for Marathon Corporation, testified in his deposition that, as the driver of the dump truck was lifting the bed of the truck to dump the aggregate, the truck bed hit a telephone line, causing the telephone line to droop down. Casanova, 2008 WL 3271980, at *2. The telephone line was repaired quickly but later in the afternoon of that same day an electrical wire fell from above and injured plaintiff, Nuno Casanova.

The only[3] evidence pertaining to a truck hitting an electrical wire is (1) a statement by Daryl Anderson that Colin Marshall, who works for Marathon, said that the dump truck had hit the electrical wire, i.e. the one that ultimately came down and hit Casanova. Id. at *2; and (2) a statement by John Bosley, claim counsel for third party defendant Fort Meyer that Joseph Leonard, who works for third party defendants Capitol Paving and L&S Constructions Corporation, told Bosley that a Capitol dump truck had hit a line on the morning of May 7, 2002. Id.

In my earlier opinion, I first indicated that, while Marshall's statement, as relayed by Anderson, was an admission against interest against Marathon, it was inadmissible hearsay as to any other party. Id. That would also be true as to these movants, Aggregate & Dirt Solutions and Fort Myer Construction, and for that matter, any other party other than Marathon. Therefore, all motions for summary judgment are granted insofar as Casanova relies on Anderson's testimony

---

[3] There is testimony from a person employed by Fort Meyer, Casanova's supervisor, that an employee of Chesapeake Electrical System, Inc., while working to repair the electrical wire, dropped it on Casanova. Casanova, 2008 WL 3271980, at *1.

as to Marshall's statement as a premise for liability by any party in Casanova's favor, other than Marathon.

As to Leonard's statement, I also previously pointed out why it was an insufficient basis upon which to premise liability upon Capitol Paving of DC, Inc. Id. at *3.[4] Furthermore, Leonard's statement, while an admission by party opponents Capital Paving & L&S Construction, is inadmissible hearsay against any other party in this lawsuit and once again requires granting all motions for summary judgment insofar as Casanova relies on it as a premise of liability against any other party.

2.  Motion for Summary Judgment by FMC Civil Construction, LLC [#142]

I have searched the docket carefully for any opposition to this motion in which FMC seeks summary judgment dismissing the third-party complaint by Marathon Corporation and the counterclaim by L& S Construction.  I cannot find any opposition to this motion and I therefore granted it as unopposed. LCvR 7(b).

3.  Supplemental Submissions

I note that plaintiff has now filed Plaintiff's Motion for Reconsideration of the Court's August 11, 2008 Order granting summary judgment in favor of defendant Capitol Paving of D.C. Inc.  In his motion, plaintiff now argues that, independently of the statements of Anderson and Leonard, he can make out a circumstantial case, sufficient to go to the jury, based on Anderson's testimony.  According to plaintiff, Anderson's testimony as to how the telephone and electrical wires were mounted on the poles and positioned, supports an inference that the striking of the telephone wire on the morning of May 2, 2002 could have been the proximate cause of the electrical wire falling and hitting Casanova in the afternoon.

---

[4] I should have accompanied that opinion with an Order that specifically granted Capitol's motion for summary judgment, number 143 on the docket.  I shall do so now.

3

Acceptance of that argument may have a dramatic effect on the potential liability of certain parties in this case. Accordingly, I will stay the entry of judgment in favor of any party whose motion for summary judgment I have granted by this Memorandum Opinion and my Memorandum Opinion of August 11, 2008, pending my resolution of Casanova's motion for reconsideration.

An Order accompanies this Memorandum Opinion.

          /S/
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: September 24, 2008